The Logansport, Crawfordsville and South-Western Railway Co. *v.* Patton.

---

### The Logansport, Crawfordsville. and South-Western Railway Co. *v.* Patton.

RAILROAD.—*Injury to Animal.*—*Order to Agent to Answer as to Money in his Hands.*—*Jury Trial.*—Upon the hearing of a motion for the writ provided for in section 5, 3 Ind. Stat. 415, to require an agent, conductor, etc.; of a railroad company, against which a judgment for the value of an animal killed has been rendered under said statute, to appear and answer as to the amount of money in his hands, etc.; the defendant is not entitled to a jury trial.

From the Montgomery Circuit Court.

*R. B. F. Pierce,* for appellant.

DOWNEY, J.—The appellee recovered a judgment for one hundred and sixty-eight dollars, before a justice of the peace, against the appellant, under the act of March 4th, 1863, 3 Ind. Stat. 413, for stock killed on its road.   He afterwards filed a certified transcript of the judgment in the office of the clerk of the circuit court, according to sec. 6 of the act, and moved the court in writing for a writ against William H. Brown, auditor and paymaster of the company, and Charles A. Hartwell, station agent, to appear in court and answer on oath as to the amount of money in their hands belonging to the company, and the probable amount received by them, etc., according to section 5 of the act.

The railroad company appeared to this motion and filed a general denial.   Thereupon the company demanded that there should be a trial by jury ; the court refused, and heard the motion and awarded the writ.   Ultimately there was judgment for the appellee.   In a motion for a new trial, the appellant alleged as ground the refusal of the court to allow a trial by jury, and the overruling of that motion is assigned as error.

Conceding, without deciding, that on the final hearing of such an application a jury trial may be had, still we think the court was right in refusing such trial on the motion for the writ.   There was nothing at that stage of the cause for a jury to try.   The facts authorizing and requiring the court to award the writ were matters of record in the court, and it was proper that the court should award the writ summarily as it did.   The appellee had caused the certified transcript of his judgment to be filed in the clerk's office and entered on the order book, and it had thereby become a record of the court.   There was no question of fact, proper for a jury to try, to be ascertained, to enable the court to award the writ.

The judgment is affirmed, with ten per cent. damages and costs.