## The Logansport, Crawfordsville and South-Western Railway Co. *v.* Byrd.

RAILROAD.—*Killing Animals.*—*Proceeding after Judgment.*—A motion for a writ provided for by secs. 5 and 6, 3 Ind. Stat. 415–6, to be directed to an employe of a railroad company, against which a judgment had been rendered for the value of an animal killed, concluded with a request that the court would "order said agent to pay into the clerk's office of said court one-half of said moneys, or so much thereof as will pay the judgment and costs herein." No objection was made to the motion.

*Held*, that, on the proceedings under said writ, the introduction of the record of said judgment in evidence could not be objected to on the ground that "the motion did not show that there was such a judgment rendered, or that a transcript of it had been filed and recorded in the clerk's office."

From the Montgomery Circuit Court.

*R. B. F. Pierce*, for appellant.

PETTIT, J.—This was a proceeding under secs. 5 and 6 of the act of March 4th, 1863, 3 Ind. Stat. 413. On the 27th day of April, 1874, in open court, the appellee filed the following motion:

"Comes now the said plaintiff by Thompson & Thompson, his attorneys, and files his motion herein, to wit:

"State of Indiana, Montgomery county. Circuit Court, April term, 1874. *Levi Byrd* v. *The Logansport, Crawfordsville and South-Western Railway Company.*

"Plaintiff moves the court to order Charles A. Hartwell, defendant's agent at the city of Crawfordsville, to appear at such day as the court may order, during the present term of this court, to answer on oath as to the amount of money in his hands, if any, belonging to said defendants, their lessees, assignees, or receivers, and also the probable amount of money belonging to defendants, their assigns, lessees or receivers, received daily by said agent, and to order said agent to pay into the clerk's office of said court one-half of said moneys, or so much thereof as will pay the judgment and costs herein."

A general denial was filed by the appellant, and the question was submitted to the court without a jury.

On the hearing, the agent, Hartwell, testified that he was agent of the company, and that he was daily in receipt of twenty or twenty-five dollars for the defendant.

Shannon, a deputy clerk of the court, was then called and sworn as a witness and produced order book No. 11 of the court, in which was recorded a transcript of a judgment for twenty-five dollars in favor of the appellee, and against the appellant, for killing stock where the road was not fenced, and it also showed that an execution on the judgment had been issued by the justice and returned no property found. The introduction of the record was objected to, on the ground that the motion did not show that there was such a judgment rendered, or that a transcript of it had been filed and recorded in the clerk's office. This objection was overruled, and the record was read in evidence. The only question in the case is, was the motion sufficient to authorize the reading of the record in evidence? We think it was. The statute does not say or point out what the motion in such case shall contain, nor was there any objection to its sufficiency until the record was offered in evidence. The motion concludes thus:

"And to order said agent to pay into the clerk's office of said court one-half of said moneys, or so much thereof as will pay the judgment and costs herein."

This was clearly a notice to the appellant that an unpaid and outstanding judgment was against her and in favor of the appellee.

The judgment is affirmed, at the costs of the appellant.