The Chicago and Atlantic Railway Company v. Summers.

No. 13,851.

## THE CHICAGO AND ATLANTIC RAILWAY COMPANY v. SUMMERS.

RAILROAD.—*Judgment for Stock Killed or Injured.*—*Enforcement of.*—*Mode of Procedure.*—*Statute Construed.*—The proceeding of a judgment plaintiff, under the provisions of section 4030, R. S. 1881, to enforce the payment of his judgment for animals killed or injured by the locomotives, etc., of a railroad company, is a new and original suit or proceeding, to be instituted only in the circuit court of the proper county.

SAME.—*Pleading.*—*Statutory Motion in Effect a Complaint.*—*Issue.*—In such a proceeding the pleading required to be filed by the plaintiff, though called in the statute a motion, may be tested by demurrer as to the sufficiency of the facts alleged therein, and issues either of law or fact formed thereon as in other civil actions.

SAME.—*Judgment.*—*Appeal to Supreme Court.*—The decision of the court upon the hearing of such suit or proceeding is not interlocutory, but is a final order and judgment, from which an appeal will lie to the Supreme Court, without regard to the amount of the judgment sought to be enforced.

PLEADING.—*Motion to Strike Out.*—A motion to strike out a pleading admits the truth of all the facts well pleaded, for the purposes of the motion, and should not be sustained if the facts stated therein are relevant or pertinent to the question to which they are addressed, though not sufficient to withstand a demurrer.

JUDGMENT.—*Void When Rendered by Justice Acting as Attorney.*—*Impeachment of.*—A judgment rendered by a justice of the peace, who at that time, and during all the various stages of the proceeding, was and had been acting as attorney for the party in whose favor such judgment was rendered, is absolutely void, and may be attacked and impeached whenever and however it is sought to be enforced.

From the Starke Circuit Court.

*J. S. Slick* and *W. O. Johnson*, for appellant.

*A. I. Gould* and *G. A. Murphy*, for appellee.

HOWK, J.—Appellee Summers has moved the court in writing to dismiss the appeal in this cause for the following reasons, namely:

1. Because this court has no jurisdiction whatever of such appeal.

2. Because it is not an appeal from a final judgment, but from an order on a motion under section 4030, R. S. 1881.

3. Because such appeal was taken from a judgment of the court below, in an action which originated before a justice of the peace, wherein the amount in controversy did not exceed fifty dollars, exclusive of costs, as shown by the record.

It is manifest, we think, that the consideration and decision of appellee's motion to dismiss this appeal will require at our hands an examination of the entire record of this cause. In view of this fact, and as counsel for both parties, as well for appellee as for appellant, have fully argued the cause on its merits, we have concluded to consider and decide now all the questions presented by the appeal herein and by appellee's motion to dismiss such appeal. In argument, appellant's learned counsel rely upon the following errors, assigned upon the record, for the reversal of the judgment or order below, namely:

1. The overruling of appellant's demurrer to appellee's motion or complaint.

2. The sustaining of appellee's motion to strike out appellant's answer to his motion or complaint herein.

On the 29th day of September, 1886, appellee Summers filed in the court below his complaint, wherein he averred that, on the 15th day of July, 1885, he recovered before W. H. Weir, Esq., a justice of the peace of Starke county, a judgment against appellant herein, a corporation duly organized under the laws of this State and operating a railroad through such county, for the sum of $50 and for $15.40 costs, which judgment was upon a complaint for stock killed and injured by said railway company; and that such judgment was wholly unpaid, unappealed from and in full force. Appellee further alleged that, on the 28th day of September, 1886, he caused a certified transcript of his said judgment to be filed in the clerk's office and recorded in the order-book of such court; and that William Scott, appellant's freight and ticket agent at North Judson, had, or would

have in a short time, moneys in his hands belonging to appellant sufficient to pay off such judgment and costs. Wherefore appellee asked that a writ be issued requiring said Scott, agent as aforesaid, to appear before such court and answer, upon oath, as to such money, and for all other proper relief.

It is conceded by counsel on both sides that this proceeding or suit was instituted by appellee in the court below under the provisions of section 4030, *supra*, in force since March 4th, 1863. In that section it is provided as follows: "Any person obtaining a judgment before a justice of the peace for any animal or animals killed or injured by the cars, locomotives, or other carriages of any railroad in this State, upon the filing of a certified transcript of such judgment in the office of the clerk of the circuit court of the county in which such animal or animals were killed or injured, and upon the clerk of such court entering the same on the order-book thereof, upon notice and motion made in such court, as specified in the preceding section, shall be entitled to the order and proceedings as therein specified."

Two things are manifest, we think, from these statutory provisions, namely: 1. That the proceeding of the judgment plaintiff to enforce the payment of his judgment by notice and motion, as provided in the statute, is not an appeal, nor in the nature of an appeal, from the judgment of the justice, but is a new and original suit or proceeding to be instituted, under the statute, in the circuit court of the proper county, and in no other court or county; and 2. The decision of the proper court, upon the hearing of the suit or proceeding, is not interlocutory, but is a final order and judgment, from which an appeal will lie to this court without regard to the amount of the justice's judgment of which the court may require the payment. From this construction of the statute, which seems to us to be correct, it follows necessarily that appellee's motion to dismiss the appeal herein, for any or all of the causes specified therein, is not

well taken and can not be sustained. The motion to dismiss, therefore, is overruled, with costs. *Louisville, etc., R. W. Co.* v. *Thompson,* 62 Ind. 87.

Appellant's counsel claim that the complaint or motion herein was bad on demurrer, because it failed to show that appellee obtained his judgment before the justice for any animal or animals killed or injured by appellant's "cars, locomotives or other carriages." The averment of the motion or complaint on this point is that the "judgment was upon a complaint for stock killed and injured by said railway company."

We are of opinion that the motion or complaint herein was sufficient to withstand appellant's demurrer thereto. The utmost that can be said, we think, against the sufficiency of the motion or complaint, is that the averment last quoted does not show with sufficient certainty that appellee's judgment before the justice was upon a complaint for stock killed and injured by the cars, locomotives or other carriages of the appellant. This objection to the motion or complaint, however, if it exist, can only be reached or taken advantage of by a motion to make the pleading more certain and specific, and a demurrer thereto, on that ground, may be overruled without error. Section 376, R. S. 1881; *Pittsburgh, etc., R. W. Co.* v. *Hixon,* 110 Ind. 225.

In appellant's answer to appellee's motion or complaint the material facts alleged were, that the judgment, the payment of which is sought to be enforced in this proceeding, was rendered by and before a justice of the peace who was appellee's attorney in commencing the suit wherein such judgment was rendered; that he prepared appellee's complaint in that suit, and signed his name thereto as plaintiff's attorney, and filed the same before another justice of Starke county, and appeared before the latter justice as appellee's attorney to prosecute such suit; that the venue of such suit was changed from the latter justice, and he sent the same for trial to the justice of the peace who was appellee's attorney therein,

and who took jurisdiction thereof and rendered the judgment therein mentioned in the motion or complaint in this proceeding.

It was further averred in appellant's answer herein, that while such suit was pending before appellee's attorney therein, as such justice of the peace, and on the day set for the trial of such cause, appellant herein appeared specially before such justice and filed its verified plea in abatement to the jurisdiction of such justice to hear and determine such suit, for the reason following, namely : " That said justice drew up and signed the complaint herein as the attorney for the plaintiff, and was regularly employed by the plaintiff to act as his attorney herein, and has ever since been and is now acting as such attorney for plaintiff in this action, with his said partner, Murphy."

It was further averred in its answer herein, that appellant then withdrew from such suit and appeared no further therein ; and that thereupon such justice of the peace, still acting as the attorney for the plaintiff, and not otherwise, entered of record upon his docket, as such justice, his judgment in such suit, the payment of which is sought to be enforced by appellee's motion in this suit or proceeding.

Appellee's written motion to strike out appellant's answer herein, the substance of which we have just given, was sustained by the court below, and to this ruling appellant excepted and filed its bill of exceptions. This ruling is the second error upon which appellant's counsel rely for the reversal of the judgment below.

In his motion to strike out appellant's answer herein appellee assigned the following causes therefor, namely :

1. Appellee's motion or complaint herein is one to which no answer will lie.

2. Such answer makes a collateral attack upon the judgment mentioned in such motion or complaint.

3. Appellant's answer is immaterial and irrelevant. And,

4. Appellee's motion or complaint herein is an *ex parte* proceeding.

We are of opinion that the court below clearly erred in rejecting or striking out appellant's answer herein. As we have already said, appellee's motion or complaint herein was, under the statute, the institution of a new suit or proceeding by appellee and against the appellant. In other words, such suit or proceeding was the "one form of action for the enforcement of private rights," which, in our code, is "denominated a civil action." Section 249, R. S. 1881; *Burkett v. Holman*, 104 Ind. 6.

Although the pleading first filed by the plaintiff in such a suit or proceeding as the one at bar is called in the statute a motion, yet we do not doubt that the sufficiency of the facts stated therein to constitute a cause of action may be tested by demurrer, nor that answers and replies may be filed and issues formed thereon, either of law or fact, as in other civil actions.

It has often been held by this court, and correctly so, we think, that the modes of procedure and rules of practice prescribed by our civil code in civil actions are all applicable to a special statutory proceeding for the enforcement of private rights, except where the statute, authorizing and regulating such special proceeding, has expressly or by fair implication prescribed a different course of procedure or rule of practice therein. *Crume v. Wilson*, 104 Ind. 583; *Bass v. Elliott*, 105 Ind. 517; *Robinson v. Rippey*, 111 Ind. 112, on p. 118; *Hutchinson v. Trauerman*, 112 Ind. 21.

It is assigned as a cause for striking out or rejecting appellant's answer herein, that it makes a collateral attack upon the judgment mentioned in appellee's motion or complaint.

It is settled by our decisions that a judgment can not be attacked or impeached in a collateral suit or proceeding unless it be void. *Exchange Bank v. Ault*, 102 Ind. 322; *Baltimore, etc., R. R. Co. v. North*, 103 Ind. 486; *Walker v. Hill*, 111 Ind. 223; *Ely v. Board, etc.*, 112 Ind. 361.

The doctrine of the cases cited, however, has no application whatever to a case where, as here, the judgment is shown by the averments of the complaint or answer to have been void. It will not do to say, we think, that the averments of appellant's answer herein are immaterial and irrelevant, as alleged by appellee. While it is true that a motion to strike out a pleading is not the equivalent of a demurrer thereto, yet, where the motion has been sustained, it must be held, we think, that such motion, like a demurrer, admits the truth of all the facts well pleaded, for the purposes of the motion. Under our code it has often been held that a motion to strike out an answer will not perform the office of a demurrer thereto for the want of sufficient facts.

In the early case of *Port* v. *Williams*, 6 Ind. 219, in speaking of an answer which had been struck out on motion, the court said : " Whether it (the answer) was a sufficient defence to bar the action was wholly immaterial. It was, at least, such pertinent matter as the court ought not to strike out on motion. It was not so irrelevant as to warrant that ; it was not a sham defence. We are therefore of opinion that the court erred in sustaining the motion to strike out." To the same effect are the following cases: *Clark* v. *Jeffersonville, etc., R. R. Co.*, 44 Ind. 248 ; *Indianapolis, etc., Co.* v. *Caven*, 53 Ind. 258 ; *City of Elkhart* v. *Simonton*, 71 Ind. 7 ; *McCammack* v. *McCammack*, 86 Ind. 387 ; *Burk* v. *Taylor*, 103 Ind. 399.

In the case in hand it can not be claimed that the facts stated in appellant's answer were not pertinent to appellee's motion or complaint, or were irrelevant, or were a sham defence to this action. Whether, therefore, appellant's answer was a good or bad defence to this suit or proceeding, it is certain that the court below erred in sustaining appellee's motion to strike out or reject such answer, and that, for this error, the judgment below must be reversed.

This conclusion disposes of the questions actually pre-

The Chicago and Atlantic Railway Company v. Summers.

sented for decision by this appeal; but it is proper, we think, and, perhaps, better for the parties to this suit, that we should consider and decide now the question of the sufficiency of appellant's answer herein to withstand a demurrer thereto for the want of sufficient facts.   We are of opinion that the facts stated in such answer are amply sufficient to constitute a good defence in bar of appellee's suit or proceeding, and to show, if sustained by the evidence, that the justice's judgment, mentioned in the motion or complaint herein, was and is absolutely null and void.   Such a judgment appellant had the right to attack and impeach whenever and however it was sought to be enforced.  If, at the time his action against appellant was pending before the first justice, appellee in person had been a qualified and acting justice of the peace of Starke county, and if, when the change of venue was granted, the action had been sent to appellee, as such justice, and he had tried and decided the case, and had rendered and entered judgment therein in his own favor and against appellant, no one could doubt that such judgment was wholly void and could not be enforced; for such a judgment would be in direct violation of the old and well known legal maxim, namely, *Nemo debet esse Judex in propria sua causa.*   Broom Leg. Max., p. 116.

In legal effect, however, under the averments of appellant's answer herein, the justice's judgment, the payment of which is sought to be enforced in this suit or proceeding, was rendered by the judgment plaintiff, appellee herein, *in propria sua causa.*  For it is averred in such answer that the justice of the peace, to whom the action was sent on change of venue, was "still acting as the attorney for the plaintiff, and not otherwise," at the time he rendered such judgment in the aforesaid action.   If the fact so averred be true, the justice's judgment was unquestionably void.

The judgment is reversed, with costs, and the cause is re-

manded, with instructions to overrule the motion to strike out the answer, and for further proceedings not inconsistent with this opinion.

Filed Dec. 29, 1887.