No. 262.

THE INDIANAPOLIS, DECATUR AND WESTERN RAILWAY
COMPANY ET AL. *v.* CROCKETT.

JUDGMENT.—*For Stock Killed.—Enforcement of.—Appeal.*—A proceeding by motion under section 4029, R. S. 1881, to enforce the payment of a judgment against a railroad company for stock killed, is a new and original suit, a civil action, and the decision of the court upon a hearing is not interlocutory, but is a final order and judgment from which an appeal will lie.

The Indianapolis, Decatur and Western Railway Co. *et al. v.* Crockett.

SAME.— *Motion to Set Aside by Persons not Parties.*—A motion to set aside such order and for a rehearing, made by the trustees of the road, who were not parties to the proceeding, and based upon section 396, R. S. 1881, relating to the relief of a party from a judgment taken against him through his mistake, etc., may be properly overruled.

SAME.—*Relief from Default.— Written Motion Required.*—A party seeking relief from a default judgment under section 396, R. S. 1881, must file a written motion therefor, and an oral motion will not suffice.

From the Putnam Circuit Court.

*A. L. Mason,* for appellants.

*J. L. Clark,* for appellee.

BLACK, J.—The appellee filed in the office of the clerk of the court below on the 29th of January, 1890, a written motion entitled "*John D. Crockett v. Indianapolis, Decatur & Western Railway Co.,*" for the issuance of a writ for L. N. Yelton, the agent of said railway company at Roachdale, to appear forthwith, or at such time as the court might direct, and answer upon oath as to the amount of money receivable by such agent, and asking that upon the answer of such agent the court should make a proper order in regard to the payment of such money into court by such agent for the satisfaction of a certain judgment alleged in said motion to have been rendered for the appellee against said railway company in an action wherein the former was the plaintiff and the latter was the defendant.

On the second day of the next term, after the filing of said motion, being the 11th of February, 1890, the appellee appeared by his attorneys and presented his said motion. The record of the proceedings at this appearance showed that " it appearing that said defendant has been notified of the filing of said motion, by reading to and leaving a copy of the notice of the filing of said motion with L. N. Yelton, agent of defendant's assignee at Roachdale, in Putnam county, Indiana, more than ten days before the first day of this term of court," said railway company was called and defaulted, and L. N. Yelton

" agent of the assignee of said company," appeared, and the court having found that he, as agent of the assignees of said company, had about $4.00 of the funds of said company in his possession, and was likely to have about $20.00 per day of the funds of said company in his possession, he was ordered to pay to the clerk of the court below ten dollars per day, until the judgment, interest, and costs of the appellee should be paid and satisfied.

Said railway company does not appear to have taken any exception to any action of the court, or to have made any motion, or to have instituted any proceedings in the premises.

At a subsequent day of the term, Benjamin A. Sands and Robert B. F. Peirce, trustees, filed their verified motion, entitled as was appellee's said motion, and showing that since a date prior to the rendition of the judgment mentioned in appellee's motion, said trustees had been in possession of said railway and operating it; that said Yelton was their agent; that by arrangement of said trustees with a certain attorney at law, the latter had charge of all matters in said county relating to said railway, and said trustees relied upon him to take charge of and protect their interests in the cause entitled as aforesaid; that when the appellee's said motion came up, said attorney was seriously ill, confined to his house, and, unknown to said trustees, was unable to attend to business; had no knowledge of the pendency of said motion, and that without fault and on account of his said illness said motion was called up and an order made without said trustees being represented by counsel, and without their interests being asserted or protected by counsel in any way, and without any appearance in behalf of any one by counsel to resist said motion; and that said attorney had sole charge of said case as counsel.

Said trustees further represented in their said motion that they, prior to the commencement of this case, were, and ever since had been, the trustees under a certain first mortgage

covering said railway, for the benefit of the holders of bonds secured thereby ; that it was provided in said mortgage that upon default of the interest the trustees should be entitled to the possession of said property and to the income thereof for the security and payment of said debt, etc. ; that a default having occurred said trustees demanded and received possession of said property, on, etc.   It was claimed in said motion of said trustees that the lien of said mortgage was paramount and superior to the claim of the appellees.   Said motion concluded as follows :   " Wherefore, by reason of the surprise, inadvertence and excusable neglect hereinbefore set forth, these trustees move the court to set aside the order heretofore entered in this cause, on," etc., " against said Yelton, and to grant a rehearing of the motion filed in this cause, January 29th, 1890, by the plaintiff for a writ, etc., and that these trustees be permitted to resist said motion by affidavit or otherwise, being properly represented by counsel, and to show the facts, and to submit the same to the judgment of the court."

With this motion was also filed the affidavit of said attorney concerning his connection with said railway and with said cause, and concerning his said illness and consequent inability to be present in court, and showing his want of knowledge of said motion for said writ.

At the time of the filing of said motion by said trustees, said Yelton also orally moved to set aside said order, assigning as the grounds of his motion the showing made in said affidavits filed by said trustees.

At a subsequent day said motion of said trustees and said motion of said Yelton were heard and overruled, and said trustees and said Yelton separately excepted to the rulings, and a bill of exceptions, which purported to be tendered by said trustees and by said Yelton, was filed within time granted therefor.

This appeal appears to have been taken in term by said railway company and said trustees and said Yelton, and

their names appear as appellants in the assignment of errors, but no error is assigned on behalf of said railway company.

Said trustees separately assigned as error the overruling of their said motion; and said Yelton separately assigns as error the overruling of his said motion.

The motion of the appellee for a writ to require the appearance of said Yelton did not show the nature of the judgment which it was alleged had been obtained by the appellee against the railway company.

It is said by counsel for appellants in his brief that it was a judgment in an action for damages for killing stock, and that the proceeding by motion to collect the judgment was based upon section 4029, R. S. 1881. The proceeding seems to have been conducted under the provisions of that section.

In *Chicago, etc., R. W. Co.* v. *Summers*, 113 Ind. 10, it was held that such a proceeding by a judgment plaintiff to enforce payment of his judgment for animals killed or injured by the locomotive and cars of a railway company, is a new and original suit, a civil action, and that the decision of the court upon the hearing of such a proceeding is not interlocutory, but is a final order and judgment from which an appeal will lie.

No inquiry or decision can be made by us, under the assignment of errors, as to whether any reason exists for questioning the action of the court so far as it affects said railroad company alone.    We can only act upon specific assignments of error.

After the court had taken final action on the matter presented by the appellee's motion, said trustees and said Yelton sought to set aside that final action by their motions.

It appears to have been intended on the part of the trustees to proceed under the provision of section 396, R. S. 1881, that the court "shall relieve a party from a judgment taken against him, through his mistake, inadvertence, surprise, or excusable neglect,    *    *    *    on complaint or motion filed within two years."

In the argument on behalf of the trustees, in this court, their application is said to be based on that statute. They were not parties to the proceeding in which the order was made. In that proceeding the court found that Yelton was likely to receive daily money of the funds of the railway company, and ordered him to pay a certain amount daily to the clerk until the appellee's judgment should be fully paid and satisfied. The object of the application of the trustees appears to have been to obtain a rehearing of the motion, and permission to resist it. They say that Yelton, who appeared at the hearing, was their agent. They desire to be represented by counsel for the purpose of seeking priority for their mortgage-claim, over the appellee's judgment-claim, in the application of said funds of the railway company. They desired to be let in as parties to a suit which was finally ended. The statutory provision under which they proceeded furnishes a mode to " relieve a party from a judgment taken against him."

There has been no argument on behalf of the appellants upon the question whether the claim of the trustees ought to have priority over that of the appellee, and we make no decision upon it. As to the facts stated in the application of the trustees by way of seeking to show excusable neglect, we need not inquire. The fact that the trustees were not parties to the proceeding in which Yelton was ordered to pay over to the appellee the money of the railroad company coming into his possession, was a sufficient reason for overruling the motion of the trustees based on the statute authorizing the court to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect.

The appellant Yelton, for the showing of the grounds of his oral motion, relied on the affidavits filed in support of the application of the trustees.

The relief of a party from a judgment because of its having been taken against him through his mistake, inadver-

tence, surprise, or excusable neglect, is to be had "on com-
plaint or motion *filed* within two years." This implies that
the motion is to be in writing.

Whether, in a proper case, a motion in writing filed by one
person, may rely wholly for grounds of relief upon the veri-
fied application and affidavits filed by another person for his
own relief, we need not determine. At the time when the
default was taken against the railroad company, and the or-
der in question was made, Yelton appeared in person. His
motion for relief from the order was properly overruled.

We find no available error.

The judgment is affirmed, with costs.

Filed June 25, 1891.