The Chicago and Southeastern Railway Company *v*. Adams.

Filed April 10, 1895.

---

No. 1,304.

The Chicago and Southeastern Railway Company *v*. Adams.

RAILROAD.—*Judgment Before Justice of the Peace for Injured Stock.—Proceedings to Reach Money.—Sufficiency of Motion.*—Any person obtaining a judgment before a justice of the peace for animal or animals killed or injured by the cars, locomotives, or other carriages of a railroad, must, in order to take advantage of the remedy afforded him by section 5317, R. S. 1894, aver in his motion that the stock

The Chicago and Southeastern Railway Company *v.* Adams.

was killed in the county in which the transcript was filed, and that the judgment has been entered of record in the clerk's office of said county.

SAME.—*Statutory Remedy.*—The remedy in such case is purely statutory, and he who seeks to avail himself of such right should bring himself within the statutory provisions.

From the Boone Circuit Court.

*W. R. Crawford* and *U. C. Stover,* for appellant.

*A. J. Shelby,* for appellee.

GAVIN, J.—Section 4030, R. S. 1881, section 5317, R. S. 1894, is as follows:

"Any person obtaining a judgment before a justice of the peace for any animal or animals killed or injured by the cars, locomotives, or other carriages of any railroad in this State, upon the filing of a certified transcript of such judgment in the office of the clerk of the circuit court of the county in which such animal or animals were killed or injured, and, upon the clerk of the court entering the same upon the order book thereof, upon notice and motion made in such court as specified in the preceding section, shall be entitled to the order and proceedings therein specified."

Under the preceding section, the company's agents may be required to appear in court and answer as to the money then in or to come into their hands, and to apply the same to the payment of the judgment.

Under this statute, appellee filed his motion for such an order.

In the earlier cases this seems to have been regarded simply as an ancillary proceeding, and about all that was required appears to have been a notice and a motion for the relief desired. *Logansport, etc., R. W. Co.* v. *Patton,* 51 Ind. 487; *Logansport, etc., R. W. Co.* v. *Byrd,* 51 Ind. 525.

In *Chicago, etc., R. W. Co.* v. *Summers,* 113 Ind. 10,

it was expressly decided that such proceedings were civil actions and that the motion or complaint could be tested by demurrer and issues regularly made up as in other civil actions. If this be true, the motion must state facts sufficient to entitle the party to the relief demanded, in order to withstand the demurrer.

It does not appear from the averments of this motion that the stock was killed in the county in which the transcript was filed, nor that the judgment had been entered of record. It is only in such instances that the judgment plaintiff is entitled, under the statute, to the relief sought.

Without these allegations, appellee has not brought himself within either the letter or the spirit of the statute.

This remedy is a purely statutory one and he who seeks to avail himself of such a right should bring himself within the statutory provisions.

The court, upon overruling the demurrer, entered final judgment against appellant without ever having entered any rule to answer or made any order against it to plead over, and without any refusal to plead over. This was not the correct practice. R. S. 1894, section 342; *Buchanan* v. *Berkshire, etc., Co.,* **96 Ind. 510**; *Langdon* v. *Bullock,* 8 Ind. 341.

Judgment reversed.

Filed March 1, 1895.