The Chicago and Southeastern Railway Company v. Harris.

---

## The Chicago and Southeastern Railway Company v. Harris.

[No. 2,199. Filed Apr. 27, 1897. Rehearing denied Jan. 25, 1898.]

RAILROADS.—*Process.*—*Summons.*—*Injury to Stock.*—In a proceeding under section 5317, Burns' R. S. 1894 (4030, Horner's R. S. 1897), providing that on filing with the clerk of the circuit court a transcript of a judgment obtained in a justice's court against a railroad company the process of the court may be obtained for the enforcement thereof as in such statute provided by serving notice on defendant ten days before the first day of the term at which such motion is to be heard, the failure to serve such notice ten days before the first day of the term at which the motion is to be heard will not render the service void but would only entitle defendant to a continuance until the next term. *pp. 138-140.*

The Chicago and Southeastern Railway Company *v.* Harris.

RAILROADS.—*Damages.*—*Killing Stock.*—A motion or complaint in a proceeding under section 5317, Burns' R. S. 1894 (4030, Horner's R. S. 1897), to obtain process of the circuit court on a judgment rendered in a justice's court against a railroad company for stock killed is not bad for failure to charge that the engine and cars came in contact with the animals killed.  *p. 140.*

SAME.—*Damages.*—*Killing Stock.*—*Judgment.*—*Justice of the Peace.* —*Jurisdiction.*—A complaint in a proceeding under section 5317, Burns' R. S. 1894 (4030, Horner's R. S. 1897), to obtain process of the circuit court on a judgment rendered by a justice of the peace against a railroad company for stock killed must show that such court had jurisdiction to render the judgment.  *pp. 141, 142.*

From the Clinton Circuit Court.   *Reversed.*

*William R. Crawford* and *W. C. Stover,* for appellant.

*B. T. Ristine* and *H. H. Ristine,* for appellee.

BLACK, J.—This cause was commenced in the Montgomery Circuit Court.   A bill of exceptions showed that on the 5th of June, 1894, the appellant entered a special appearance in that court and stated its objection in writing to the jurisdiction of the court over the appellant, and for cause assigned that no summons or notice of any kind had been issued by the court or served upon the appellant prior to the 24th day of the then present term of the court, all of which, it was stated in the written objection, appeared on the records of the court.

The court overruled the objection, and took jurisdiction of the appellant, and this action of the court is assigned as error.

It was a proceeding under section 5317, Burns' R. S. 1894 (4030, Horner's R. S. 1897), which provides, that "any person obtaining a judgment before a justice of the peace for any animal or animals killed or injured by the cars, locomotives or other carriages of any railroad in this State, upon the filing of a certified transcript of such judgment in the office of the clerk of

the circuit court of the county in which such animals were killed or injured, and upon the clerk of such court entering the same on the order book thereof, upon notice and motion made in such court, as specified in the preceding section, shall be entitled to the order and proceedings therein specified."

The preceding section provides that if the cause for such killing or injury be commenced in the circuit court of such county, the court, on motion of the plaintiff, on rendition of judgment for the plaintiff, or afterwards, at any time, when notice of such motion has been served on the railroad company, defendant, at least ten days before the first day of the term of the court at which such motion is to be heard, shall order a writ to issue, directed to the sheriff of the proper county, for any agent, conductor or employe of such railroad company, etc., named in such motion, to appear, etc., and answer upon oath as to the amount of money in his hands, if any, belonging to such company, etc.

The bill of exceptions showing this objection to the court's jurisdiction does not contain "the records of the court" to which reference was made in the objection, or designate them more particularly.

If, as is contended on behalf of the appellant, the statutory provision, section 524, Burns' R. S. 1894 (516, Horner's R. S. 1897), for fixing a day for the appearance of the defendant by indorsement on the complaint, does not apply to such a proceeding, as to which we need not decide, still, the summons and service would have been good for the next term, and the appellant would have been entitled to a continuance only. *Eastes* v. *Eastes*, 79 Ind. 363; *Axtell* v. *Workman*, 17 Ind. App. 152. By agreement of the parties, the cause was continued until the next term, and on the 21st of September, 1894, upon the ap-

pellant's application, the venue was changed to the court below.

The overruling of the appellant's demurrer to the motion, or complaint, is assigned as error. The motion, or complaint, (so far as its allegations need be stated to illustrate the objection urged against it) averred, that on, etc., the appellee "recovered a judgment before James Peterson, a justice of the peace of Montgomery county, Indiana, against," etc., for the sum of, etc.; "that said judgment was rendered upon a complaint for stock killed by said railroad company in said county; that said stock entered upon the track of said railroad company at a point where said railroad was not securely fenced; that said judgment is wholly unpaid, unappealed from, and in full force;" that on, etc., "plaintiff caused a transcript of said judgment to be filed in the clerk's office of said county, and said transcript was recorded in order book 53 at page 317 of this court."

Objection is made to the motion, or complaint, on the ground that there is no allegation that the engine and cars came in contact with the animal killed. The *Chicago, etc., R. W. Co.* v. *Summers,* 113 Ind. 10, was a proceeding like the one at bar, in which a complaint, or motion, which alleged that the "judgment was upon a complaint for stock killed and injured by said railway company," but failed to allege that the judgment was for any animal or animals killed or injured by the railroad company's cars, locomotives or other carriages. It was held that the motion, or complaint was not in this regard insufficient on demurrer, and that if any objection existed for such omission, it could be reached only by motion to make the pleading more certain and specific. This objection to the complaint before us, therefore, must be regarded as not well taken.

It is further contended, that, the action being one to enforce the collection of a judgment of a justice of the peace, the complaint was insufficient for failure to show the jurisdiction of the inferior court of limited and special jurisdiction.   This position of the appellant appears to be well taken.   In the *Chicago, etc., R. W. Co.* v. *Summers, supra,* it was held that such a proceeding as this is a new and original suit or proceeding, to be instituted in the circuit court, and is a civil action, and that the sufficiency of the facts stated in the so called motion to constitute a cause of action may be tested by demurrer.   It must be, therefore, not merely such a pleading as would be permissible in the court of a justice of the peace, but such a pleading as will stand the test of a demurrer in a cause commenced in the circuit court.

In *Chicago, etc., R. W. Co.* v. *Adams,* 12 Ind. App. 317, it was said, that this remedy is a purely statutory one, and that he who seeks to avail himself of such a right must bring himself within the statutory provisions.   In that case, it did not appear from the averments of the motion that the stock was killed in the county in which the transcript was filed, or that the judgment had been entered of record.   It was held that for want of such allegations the motion was insufficient on demurrer.   There is no averment in the motion before us showing that the justice of the peace had jurisdiction of the defendant in the action in which the judgment was rendered against it for the killing of the animals.   Facts conferring jurisdiction are not alleged.   Nothing is shown in relation to summons, service, or appearance.   The necessity of stating jurisdictional facts is obviated by our statute, section 372, Burns' R. S. 1894 (369, Horner's R. S. 1897), which provides: "In pleading a judgment or decision of a court or officer of special jurisdiction, it shall be

sufficient to allege, generally, that the judgment or decision was duly given or made. If the allegation be denied, the facts conferring jurisdiction must be proved on the trial." There is no such general allegation in this motion. Courts of justices of the peace are courts of special and limited jurisdiction, and where a party to an action, in pleading, relies upon or claims 'a right under the judgment of a justice of the peace, there is no presumption of jurisdiction, and the facts showing jurisdiction must be shown, or, in this State, the general averment permitted by the statute must be made. *Hoppes* v. *Lucas*, 86 Ind. 43; *Midland R. W. Co.* v. *Eller*, 7 Ind. App. 216. The judgment is reversed, and the cause is remanded with instruction to sustain the demurrer to the amended complaint.