### CHICAGO AND SOUTHEASTERN RAILWAY COMPANY *v.* BROWERS.

[No. 4,038.    Filed November 22, 1901.]

RAILROADS.—*Damages for Animals Killed on Tracks.—Enforcement of Judgment.—Pleading.*—A motion in a proceeding under §§5316, 5317 Burns 1901, for the enforcement of a judgment, rendered by a justice of the peace, against a railroad company for stock killed may be tested by demurrer. *p. 629.*

SAME.—*Damages for Animals Killed on Tracks.—Enforcement of Judgment Rendered by Justice of the Peace.—Motion.—Pleading.*—A motion in a proceeding under §§5316, 5317 Burns 1901, for the enforcement of a judgment rendered by a justice of the peace against a railroad company for animals killed on its tracks, must not only show that a transcript of a justice of the peace has been filed in the office of the clerk of the court in which the motion is

made, but must also show that the animals were killed in the county in whose court the motion is made and the jurisdiction of the justice of the peace over the person of the defendant and the subject-matter of the action. *pp. 629-631.*

From Madison Circuit Court; *J. F. McClure,* Judge.

Proceeding by Frank Browers for the enforcement of a judgment obtained before a justice of the peace against the Chicago and Southeastern Railroad Company for animals killed on its tracks. From a judgment in favor of plaintiff, defendant appeals. *Reversed.*

*W. R. Crawford, U. C. Stover* and *W. H. Najdowski,* for appellant.

· Black, C. J.—This was a proceeding under the statute (§§5316, 5317 Burns 1901, §§4029, 4030 R. S. 1881), to enforce the collection of a judgment of a justice of the peace of Madison county in favor of the appellee against the appellant, for the value of a cow killed by the cars of the appellant.

The statute provides that any person obtaining a judgment before a justice of the peace for any animal or animals killed or injured by the cars, locomotives, or other carriages of any railroad in this State, upon the filing of a certified transcript of such judgment in the office of the clerk of the circuit court of the county in which such animal or animals were killed or injured, and upon the clerk of such court entering the same on the order-book thereof, upon notice and motion made in such court, may procure the enforcement of the collection of judgment as provided by the statute. The motion in such proceeding may be tested by demurrer. *Chicago, etc., R. Co.* v. *Summers,* 113 Ind. 10, 3 Am. St. 616; *Chicago, etc., R. Co.* v. *Adams,* 12 Ind. App. 317.

In the appellee's motion, or complaint, in the court below, it was not in any manner shown in what county the animal was killed; it did not appear that the judgment was rendered by a justice of the county in which the animal was killed, or that the transcript of the judgment of the justice

was filed in the office of the clerk of the circuit court of the county in which the animal was killed. It was not made to appear by the allegation of facts that the justice had jurisdiction of the person of the defendant. It was not alleged that the judgment or decision of the justice "was duly given or made", which allegation, under the statute, would have obviated the need of averments of the facts conferring jurisdiction.

The statutory action for the killing or injuring of animals which entered upon the track at a place where it was not securely fenced in, if instituted before a justice of the peace, must be brought before a justice of the county in which the killing or injuring occurred, and if originating in the circuit court must be brought in the court of that county. §5313 Burns 1901, §4026 R. S. 1881.

It has been held that in such an action commenced in the circuit court, if the complaint does not show that the animal was killed or injured in the county where the action is brought, the objection may be raised by demurrer assigning want of jurisdiction of the subject of the action. *Toledo, etc., R. Co.* v. *Milligan,* 52 Ind. 505; *Whitewater R. Co.* v. *Bridgett,* 94 Ind. 216; *Lake Erie, etc., R. Co.* v. *Fishback,* 5 Ind. App. 403; *Louisville, etc., R. Co.* v. *Johnson,* 11 Ind. App. 328; *Chicago, etc., R. Co.* v. *Wheeler,* 14 Ind. App. 62.

So, as the motion for the enforcement of payment of the judgment of the justice must be made in the circuit court of the county in which the animal was killed, it should appear in the motion not merely that a transcript of a justice has been filed in the office of the clerk of the court in which the motion is made, but also that the animal was killed in the county in whose circuit court the motion is made, and it would seem that for the lack of such showing in the motion a demurrer for want of jurisdiction of the subject will lie.

Furthermore, the motion, or complaint, being based upon a judgment of a justice of the peace, the jurisdiction of the justice over the subject of the action and over the person of

the defendant should appear by an inspection of the motion, and the defectiveness of the motion in this regard may be reached by demurrer for want of sufficient facts. *Chicago, etc., R. Co.* v. *Harris,* 19 Ind. App. 137, and cases cited.

The motion, or complaint, under examination here was bad for want of jurisdiction of the subject and also for want of sufficient facts, both of which grounds were assigned in the demurrer. The court therefore erred in overruling the demurrer.

Judgment reversed.