BROKAW ET AL. *v.* BROKAW.

[No. 14,433.   Filed November 19, 1934.]

*Theodore T. Wood* and *H. W. Mountz,* for appellants.

*Maurice McClew, H. C. Springer,* and *Atkinson & Husselman,* for appellee.

SMITH, P. J.—This is an appeal from a judgment rendered against appellants upon the sustaining of a demurrer to appellants' complaint and their refusal to plead further.

The questions presented are upon the action of the lower court in sustaining the demurrer of appellee to appellants' complaint, this action of the lower court being the only error assigned for reversal.

The complaint, which is in one paragraph, alleges in substance that appellants are the surviving brother and sister of one Milton J. Brokaw, deceased, who died intestate in 1928; that appellee claims to be the lawful wife of said Milton J. Brokaw, and as his widow to have inherited all of his property.

It is further alleged that appellee, prior to the 18th day of August, 1917, was lawfully married to one Kenneth R. Piatt; that thereafter, on the 7th day of May, 1919, on complaint filed by appellee, a judgment and decree of divorce was rendered by the Allen superior court in favor of appellee and against said Ken-

neth R. Piatt; that, after the filing of the complaint by appellee on August 18, 1917, no proceedings of any kind were had or taken in said cause, and that there were no entries, orders, findings, or decrees of any kind made or taken therein until the 7th day of May, 1919, when the said cause was submitted to the Allen superior court for hearing and judgment, without the issuance of any summons or any writ for the said Kenneth R. Piatt, and without the publication or the giving of any notice whatever; and that, thereupon, the judge of the Allen superior court did on said day enter a finding, decree, and judgment annulling the marriage contract between the appellee and the said Kenneth R. Piatt; that said finding, judgment, and decree of divorce entered in said court is the only finding, judgment, and decree of any kind purporting to dissolve the marriage relation of the appellee and the said Kenneth R. Piatt; that, at the time of filing of the complaint for divorce by appellee from said Piatt, the appellee directed by instructions written upon the complaint that the clerk of the court should not issue any summons or any writ for the said Piatt; that no summons or other process was then, or at any time thereafter issued by the clerk of said court, or by any other officer or persons, or that no notice of any kind, either by publication or otherwise, was ever given to said Piatt of the filing of said complaint; that the affidavit required by statute to be filed with the complaint of said appellee stated, "that on the 16th day of August, 1917," she was and had been a bona fide resident of the city of Fort Wayne, Allen county, Indiana; that the complaint together with this affidavit was filed on the 18th day of August, 1917, and that at no time was any other affidavit or proof made showing the residence of appellee for more than two years before the filing of the complaint.

The complaint further alleges that the Allen superior

court did not at any time have jurisdiction over said Piatt, and did not obtain jurisdiction of the parties in said proceedings, and that said proceedings were wholly void; that the decree of divorce from said Piatt was and is void and of no effect, and the marriage relation between appellee and said Piatt was not dissolved; that the appellee remained and is the lawful wife of said Piatt, and her subsequent marriage to Milton J. Brokaw is void, and that appellee is not his lawful widow.

It is further alleged that appellants "are the sole and only heirs at law of the said Milton J. Brokaw deceased and that as such they are directly interested in the validity of the said decree of divorce entered in this court as aforesaid, and they are entitled to have the said (decree) declared null and void and set aside."

Then follows a prayer that the decree and judgment entered by the Allen superior court in the divorce action of appellee against said Piatt be declared null and void and set aside.

The demurrer of the appellee to this complaint challenges the sufficiency thereof, and sets forth certain memoranda, that which is necessary to be considered being as follows: (1) That this is an action to set aside a decree of divorce, in which appellee was plaintiff, and one Piatt was defendant, and that the appellants or either of them were not parties to the original action, and therefore have no interest in said judgment, and are not proper parties to bring this action; (2) that the complaint shows upon its face that the action is barred by the statute of limitations; (3) substantially the same question is raised as in specification No. 2, that appellants were not parties to the original judgment and have no right to bring this action; (4) this specification in the demurrer raises the question that no facts showing any fraud in securing the decree for divorce are alleged in the complaint.

This demurrer was sustained, to which the appellants separately excepted and assigned this action of the court as the only error for reversal. The only question that is necessary to consider for a determination of this appeal is that raised by specifications 1 and 3 in the demurrer, as above set forth.

The question then for determination is, Do the appellants have the right to maintain this action for the purpose of setting aside the judgment of divorce of appellee from one Kenneth R. Piatt in these proceedings by a direct attack? The answer to this question determines this appeal, and it will not be necessary to discuss the other questions presented by appellants' brief.

Our Supreme Court has said in the case of *Keller* v. *Keller* (1894), 139 Ind. 38, 40, 48 N. E. 337: "The general policy of our law is against disturbing judgments in divorce actions, except in cases of fraud upon the jurisdiction of the court, and no fraud is alleged in the case at bar," and cases there cited. The above case was a suit to review a judgment in attachment in a divorce action, while the case at bar is a direct attack to set aside a judgment, because it shows upon the face of the record that the court had no jurisdiction. Still, the principle announced in the Keller case, *supra,* is applicable to the instant case.

The judgment sought to be set aside in the instant case is one to which the appellants were not parties. The only allegation in the complaint by which appellants claim any right to maintain this action is the one quoted heretofore, alleging that they are brother and sister of said Milton J. Brokaw, deceased, and his sole and only heirs at law, claiming thereby such an interest in the judgment for divorce that they are entitled to maintain an action to have the same set aside.

Corpus Juris states the proposition that:

"The general rule is that an application to open a judgment or decree for irregularity can be made only by a party to the record who has been in some way prejudicially affected by such judgment or decree, and that a stranger to the record who was neither a party nor a privy to the action cannot make such an application." 34 Corpus Juris page 344, section 558.

This same rule in effect has been adhered to by this court in the case of *The Indianapolis, Decatur and Western Railway Company et al.* v. *Crockett* (1891), 2 Ind. App. 136, 141, 28 N. E. 222, which was a suit to set aside an order of the court in a direct attack thereon by others than those who were parties to the original proceedings. The court said:

"The fact that the trustees were not parties to the proceeding in which Yelton was ordered to pay over to the appellee the money of the railroad company coming into his possession, was a sufficient reason for overruling the motion of the trustees based on the statute authorizing the court to relieve a party from a judgment taken against him through his mistake, inadvertence, surprise, or excusable neglect."

While the above case sought relief from a judgment taken through mistake or excusable neglect, still the principle involved is the same as the case at bar. To like effect is the case of *Douglay* v. *Davis* (1874), 45 Ind. 493, and also, *Owen et al.* v. *Cooper* (1874), 46 Ind. 524.

The Owen case, *supra*, was a suit to review a judgment, but the principle in that case, that one must be a party or an heir, devisee, or personal representative of a party to a suit before he can maintain the action, applies with equal force to the case at bar.

Freeman on Judgments, vol. 1, Fifth Edition, page 521, section 258, sets forth the principle on which the vacating of judgments is allowed. Quoting from this authority, it is said:

"As a general rule, none but the parties to a judgment can have it set aside. . . To allow dis-

interested third persons to interpose in his behalf, and to undertake the management of his business, according to their judgment, would create intolerable confusion and annoyance, and produce no desirable result. To permit third persons to become interested after judgment, and to overturn adjudications to which the original parties made no objection, would encourage litigation, and disturb the repose beneficial to society."

What is said above by the author when related to judgments in general would apply with much more force to a judgment for divorce, where the rights of innocent parties may have intervened. To allow one who is not a party to a decree for a divorce to attack the same directly upon any grounds would be going beyond the principles of law which have been established for years. Whether the judgment of divorce granted to appellee from her former husband, Piatt, is void and subject to attack, either directly or collaterally, is not necessary to determine in this appeal, for in any event appellants could not maintain this action because they were not parties to the judgment sought to be set aside, nor have they any interest therein. Therefore, the complaint is bad, and the demurrer was properly sustained thereto.

In view of the conclusion we have reached, it is not necessary to discuss any of the other questions raised by the demurrer.

Finding no reversible error, the judgment is affirmed.

Wood, J., not participating.