GIBSON ET AL. v. CITY OF INDIANAPOLIS ET AL.

[No. 30,062.   Filed January 25, 1962.]

*O. B. Hanger,* of Indianapolis, for appellants.

*John H. O'Hara,* of Indianapolis, for appellee City of Indianapolis.

*Mantel & Doyle, Samuel J. Mantel, Thomas D. Mantel* and *George P. Doyle,* all of Indianapolis, for appellee Tri-State Construction Co., Inc.

ARTERBURN, J.—This is an appeal from a judgment of the Marion Circuit Court following the sustaining of a demurrer to appellants' Paragraph 1 and amended Paragraph 2 of complaint. Appellants filed a complaint in two paragraphs, the first being an appeal from a decision of the Board of Sanitary Commisssioners in an annexation proceeding, and the second paragraph for an injunction against the performance of a sewer contract. The City of Indianapolis filed a demurrer to each original paragraph of complaint. During the time the court had the same under advisement, the appellants filed an amended second paragraph of complaint. Thereafter the court entered an order sustaining the demurrer not only to the first paragraph of complaint, but to the *amended second* paragraph of complaint, to which no demurrer had been filed. The court's entry was as follows:

> "The Court having had this cause under advisement, now finds for the Defendants (appellees) that the Plaintiffs (appellants) take Nothing by their Complaint. The Court denies an injunction as prayed in paragraph II, as Amended, and refuses Plaintiffs' Prayer to Paragraph I of Com-

plaint asking that Resolution #1390-1960 of the Board of Sanitary Commissioners be held invalid and set aside. The Court finds that said Resolution is valid. The cost are taxed against the Plaintiffs (appellants)."

Appellants contend that the court entered judgment without a trial, without giving the appellants an opportunity to plead over upon the overruling of the demurrer to the first paragraph and, in sustaining a demurrer to the second amended paragraph of complaint, to which no demurrer was addressed.

The appellee City of Indianapolis was granted two extensions of time to file a brief herein, and within less than five days after the second extension of time expired, filed a third application, which was denied by this court. As a result, no brief was filed by the appellees in this appeal. When an appellee has failed to file an answer brief, the judgment will be reversed if appellants' brief makes out a prima facie case of error. 2 I. L. E., Appeals, Sec. 394, p. 275.

Appellants had an absolute right to plead over as to the first paragraph of complaint after a demurrer was sustained thereto, and it appears without question the court erred in sustaining a demurrer to the second amended paragraph of complaint, to which no demurrer had been addressed. Burns' §2-1010: *Doughty et al.* v. *State Dept. of Pub. Welf. et al.* (1954), 233 Ind. 475, 121 N. E. 2d 645; *Ayres* v. *Smith* (1949), 227 Ind. 82, 84 N. E. 2d 185.

The appellants have made out a case of prima facie error by the trial court.

The judgment is reversed, with directions to the trial court to vacate its judgment and order of December 15, 1960, except as to the sustaining of the

demurrer to the first paragraph of complaint, and grant the appellants an opportunity to plead over thereto.

Achor, C. J. and Jackson, Bobbitt and Landis, JJ., concur.

NOTE.—Reported in 179 N. E. 2d 291.