BLUE & WHITE SERVICE, INC. *v.* PUBLIC SERVICE COMMISSION OF INDIANA ET AL.

[No. 20,272. Filed March 30, 1965.]

*Eugene H. Yockey* and *E. Alonzo Deckard* of Indianapolis, for appellant.

*Quinn, Howard and Clark,* of Indianapolis, for appellee.

SMITH, J.—Wilbur E. Harris, d/b/a Heavy Wrecker Service, an appellee herein, filed an application with the Public Service Commission of Indiana requesting that the Commission issue said appellee a Certificate of Public Convenience and Necessity to operate motor vehicles as a common carrier of property in intrastate commerce.

The application specifically requested the following authority to transport property in intrastate commerce:

"From the appellant's office at 1201 Spencer, Indianapolis, Indiana, to points and places throughout the State of Indiana of [over] irregular routes."

The appellant, Blue & White Service, Inc., appeared as a protestant to oppose the granting of the authority as requested by the Appellee Harris. Pursuant to legal notice, a public hearing was held on the application. Following the hearing, the Commission entered an order wherein it granted the request for authority and a Certificate for Public Convenience and Necessity was issued to Appellee Harris as follows:

"Vehicles, except house trailers and automobiles, to be used as replacements for wrecked or disabled vehicles,"

"From points and places in Marion County, Indiana, to points and places in Indiana."

Neither the Appellee Harris nor the Appellee Public Service Commission submitted an appellee's brief. In fact the Appellee Commission filed a petition with this court requesting that this court remand this cause to the Commission because of alleged errors in the order of the Commission. While the petition to remand contains a statement that the same shall not be a confession of error, it appears from the language of the petition that the Commission requested the cause to be remanded in order to correct an error in the order of the Commission.

Considering the question of the failure of Appellees to file briefs, it is well settled by the decisions of this Court and the Supreme Court that in the event an appellee fails to file a brief, the court may, in its discretion, take several courses of action: (1) it may order the appellee to file a brief; (2) it may consider the question to be presented without aid

of appellee's brief; or (3) *it may reverse the judgment or award if prima facie error is shown by appellant's assignment of errors and brief.* See, *Gibson* v. *City of Indianapolis, Indiana* (1962), 242 Ind. 447, 179 N. E. (2d) 291; and *U. S. Steel Corp.* v. *Cicilian* (1962), 133 Ind. App. 249, 180 N. E. 2d 381. (Petition for rehearing dismissed 133 Ind. App. 249, 181 N. E. (2d) 538.)

It is further well settled by the decisions of this Court and the Supreme Court that the failure of an appellee to file a brief in answer to an appellant's brief may be deemed to be a confession of error, and the judgment of the trial court may accordingly be reversed without prejudice to either party. This rule was announced and followed by the Supreme Court of Indiana in the case of *Meadows* v. *Hickman* (1947), 225 Ind. 146, 73 N. E. (2d) 343. The Supreme Court in its opinion said in substance that the failure of an appellee to file a brief controverting the errors complained of by an appellant may be a confession of such errors, however, the rule should not be invoked unless the brief of the appellant makes an apparent or prima facie showing of reversible error. The Court further said that this rule is not for the benefit of an appellant but for the protection of the court; and whether the rule should be invoked, is discretionary with the court.

It therefore appears that the only question to be determined in the instant appeal is whether the assignment of error and brief of the Appellant discloses prima facie error.

The Appellant assigns and alleges as error that the decision and order of the Appellee Public Service Commission is contrary to law. Specifically the Appellant contends:

1. that the authority requested in the applica-

tion cannot be granted because there is no evidence in the record as to the movement or the need for movement of any traffic from the origin point shown in the application, in other words, public convenience and necessity was not established by the evidence;

2. that the authority granted to the Appellee Harris by the Appellee Commission was wider in its scope and was different than the authority requested in the application;

3. that the application was not at any time amended to reflect a request for the authority that was finally granted by the Appellee Commission to the Appellee Harris; and

4. that the Commission did not make any findings of fact evidencing that there was a specific need for the authority granted.

It is well established by the decisions of this Court and the Supreme Court of Indiana that the Public Service Commission of Indiana possesses only such power and authority to grant Certificates of Public Convenience and Necessity as is conferred upon the Commission by Ch. 287, §6, of the Acts of 1935, the same being §47-1216 Burns' Indiana Statutes, 1951 Replacement. See, *Boone Co. R E M C, et al.* v. *Public Service Commission* (1958), 129 Ind. App. 175, 155 N. E. (2d) 149; *Gen. Tel. Co., Inc.* v. *Public Service Commission, et al.* (1958), 238 Ind. 646, 150 N. E. (2d) 891, 154 N. E. (2d) 372; and *Chicago & E.I.R. Co.* v. *Public Service Commission* (1943), 221 Ind. 592, 49 N. E. (2d) 341.

Because the only right of the Public Service Commission to issue authority to intrastate common carriers of property stems from a specific statutory grant, the question posed is whether the Commission exceeded its statutory authority by the issuance of a Certificate of Public Convenience and Necessity to

Appellee Harris which was not germane to authority requested in the application?

In the case of *Monon Railroad v. Public Service Commission* (1960), 241 Ind. 142, 170 N. E. (2d) 441, 442, the Supreme Court of Indiana held in substance that a protestant to the granting of a Certificate of Public Convenience and Necessity by the Public Service Commission of Indiana has the legal right to an opportunity to offer evidence, germane to the subject matter contained in the application. If the protestant does not have proper notice of the issues to be decided by the Commission, as provided by law, then he cannot be said to have had an opportunity to meet these issues with rebuttal evidence.

It appears to this Court that because of the variance between the authority requested in the application and the authority specifically granted to Appellee Harris, the protestant, appellant herein, has been clearly deprived of his legal rights to an opportunity to offer evidence in explanation or rebuttal of evidence, which is germane to the subject matter contained in the application. In this case the application requested authority to transport property in intrastate commerce from a specific address in Marion County, Indiana, namely, 1201 Spencer, Indianapolis, Indiana, however, the order of the Commission in this case granted authority to the Appellee Harris to transport specifically designated property in intrastate commerce from points and places in Marion County to points and places in Indiana.

In the exercise of our discretionary power in the determination of whether the brief of Appellant shows prima facie error, it is our opinion that the Appellee, Public Service Commission of Indiana, exceeded its statutory grant of authority

by granting to Appellee Harris authority to transport specifically designated property in intrastate commerce which granted authority was not germane to the requested authority contained in the application.

It is therefore ordered by this Court that the order of the Public Service Commission of Indiana, approved June 26, 1964 in application number 7654-A,1, and the Certificate of Public Convenience and Necessity issued to the Appellee Wilbur E. Harris, d/b/a Heavy Wrecker Service, be hereby set aside and vacated without prejudice to the parties. The cause is remanded for further proceedings.

Bierly, P. J., Hunter and Mote, JJ., concur.

NOTE.—Reported in 205 N. E. 2d 552.