BALSAMO ET AL. *v.* ZAREMBA, EXTRX., ET AL.

[No. 20,099. Filed June 24, 1965.]

*Harry A. Psimos, John Kappos, Nicholas Lyras,* and *Rubin and Rubin,* of Gary, for appellants.

*Chudom and Chudom,* of Gary, and *Joseph L. Skozen,* of Hammond, for appellees.

MARTIN, J.—This action, involving a will contest, was initiated by appellant-plaintiff against appellees-defendants in which appellant sought to revoke the probate of a will as well as the letters of testamentary.

We have carefully considered appellees' motion to affirm and it is hereby denied.

So as to grasp a more meaningful comprehension of the issue comprising the nucleus of this appeal, the pertinent pleadings and rulings thereon shall be related in chronological sequence.

On March 16, 1962 appellant, Sadie Balsamo filed her complaint contesting the will of the deceased, Anthony G. Soules. Claiming to be the widow of the deceased, appellant alleged in her complaint that the will in question was invalid because of undue execution. Following appellant's complaint, appellees, Carmella Bianchi Zaremba as executrix and as individual, filed a motion to make more specific which later was withdrawn. The Atlantic Bank of New York, appellant-plaintiff, on June 4, 1962 submitted its petition for intervention, said petition being granted on October 25, 1962. Subsequently on February 5, 1963 appellees

addressed a demurrer to Sadie Balsamo's complaint. On March 27, 1963 the Atlantic Bank of New York as intervenor filed its petition as additional plaintiff to contest the deceased's will. Having examined the respective parties' briefs pertaining to appellees' demurrer, the trial court sustained the same on August 15, 1963. Following this, appellees-defendants filed their motion to dismiss plaintiffs' cause of action. On September 12, 1963 the trial court sustained defendants' motion to dismiss plaintiffs' cause of action. It was thereby decreed by the trial court that the cause of action be dismissed at "plaintiff's" costs.

The appellants' three assigned errors include the following:

"1. The court erred in sustaining the demurrer of the defendants-appellees to the complaint.

"2. The court erred in sustaining the motion to dismiss of the defendants-appellees.

"3. The court erred in rendering and entering judgment of dismissal against plaintiffs-appellants."

Substantially the same question is presented by appellants' assigned errors Nos. 2 and 3. Thus the question for our determination is whether the trial court committed reversible error in sustaining defendants' motion to dismiss plaintiffs' cause of action contemporaneously with rendering a judgment of dismissal against appellants-plaintiffs.

The record shows that during the twenty-eight (28) day interim from the time appellees' demurrer was sustained up to the time final judgment was rendered against appellants, the trial court made no ruling nor gave any direction indicating a prescribed time during which appellants should file a new or amended complaint. Thus in light of these circumstances, appellants

were not afforded an absolute right to plead over or amend within a time certain which should have been established by the trial court. Such a failure on the part of the trial court unnecessarily jeopardized the appellants' right to have their claim litigated.

The absolute right to plead over or amend after the sustaining or overruling of a demurrer is clearly established.

"If the court sustains or overrules a demurrer, the party affected by such ruling may plead over or amend, upon such terms as the court may direct, and on payment of costs occasioned by the demurrer." Acts 1881 (Spec. Sess.), ch. 38, §88, p. 240, §2-1010, Burns' 1946 Replacement.

The leading case on this point is that of *Doughty et al.* v. *State Dept. of Pub. Welf. et al.* (1954), 233 Ind. 475, 478, 121 N. E. 2d 645, which states in part:

"A demurrer, sustained, does not take out the complaint. The ruling is only that the complaint as it stands is defective. The complaint stays, and the pleader has an absolute right to keep it there and amend it. Section 2-1010, Burns' 1946 Replacement; *Ewing et al.* v. *Patterson* (1871), 35 Ind. 326; *Guthrie* v. *Howland* (1905), 164 Ind. 214, 224, 73 N. E. 259; *Royal Ins. Co.* v. *Stewart* (1921), 190 Ind. 444, 455, 129 N. E. 853."

See also: *Gibson et al.* v. *City of Indianapolis et al.* (1962), 242 Ind. 447, 449, 179 N. E. 2d 291.

The above excerpt was quoted with approval in the recent case of *Moore* v. *Fletcher* (1964), 136 Ind. App. 478, 196 N. E. 2d 422, 437. The *Moore* case involved an issue synonymous with the one before us and it was held that no limitations upon appellant's absolute right to plead over were properly established where there was no ruling by the trial court requiring ap-

pellant to plead over by a certain time. In the *Moore* case, at page 437 of 196 N. E. 2d 422, this court said:

" . . . [T]here was no ruling of the trial court limiting the time for filing an amended pleading. Therefore, the judgment entered on October 8, 1960 was erroneously rendered. This reasoning is supported by the case of *The Chicago and South-eastern Railway Company* v. *Adams* (1895), 12 Ind. App. 317, 39 N. E. 877, which stated:

" 'The court, upon overruling the demurrer, entered final judgment against appellant, without ever having entered any rule to answer, or made any order against it to plead over, and without any refusal to plead over. This was not the correct practice. (Cases cited).'

"This court must iterate the above stated rule, and the recognition of this rule necessarily requires that we determine that the procedure of the trial court was improper, and jeopardized the interests of the appellant. There was no ruling by the trial court that the appellant was required to plead over by a certain date, and therefore no limitations upon the appellant's absolute right to plead over were properly established."

Therefore, in light of the given facts as well as the authorities before us, the judgment rendered against appellants on September 12, 1963 was erroneous and constituted error because of the trial court's failure to afford appellants an absolute right to plead over following the sustaining of appellees' demurrer.

This case is reversed and remanded to the trial court with instructions to set aside the judgment rendered against appellants, to overrule appellants' motion to dismiss, and to rule appellants to amend their complaint or plead over by day certain fixed by the trial court, and for further proceedings not inconsistent with this opinion.

Prime, P.J., Carson and Faulconer, JJ., concur.

NOTE.—Reported in 208 N. E. 2d 200.