Christopher KASHMAN and Rita Beth Kashman, Appellants–Plaintiffs,

v.

Ricky J. HAAS and Becky Haas, Appellees–Defendants.

No. 54A05–0112–CV–528.

Court of Appeals of Indiana.

April 17, 2002.

J. Gordon Gibbs, Jr., Hinkle & Gibbs, Danville, IN, Attorney for Appellants.

J. Lamont Harris, Henthorn Harris & Weliever, Crawfordsville, IN, Attorney for Appellees.

## OPINION

SHARPNACK, Judge.

Christopher and Rita Beth Kashman (collectively, "Buyers") appeal the trial court's grant of summary judgment to Ricky and Becky Haas (collectively, "Sellers") and the trial court's denial of Buyers' motion to correct error. Buyers raise two issues, which we restate as:

1.  Whether the trial court erred when deciding whether to grant Sellers' motion for summary judgment because the trial court failed to consider a graph, which Buyers had attached to their amended complaint and designated as evidence in response to Sellers' motion for summary judgment; and

2.  Whether the trial court erred by granting Sellers' motion for summary judgment because Buyers were allegedly entitled to rely upon Sellers' residential real estate disclosure form ("Disclosure Form").

We affirm.

The facts most favorable to Buyers follow. Sellers owned a home located at 409 Prospect Street in Crawfordsville, Indiana. In June of 1990, Sellers discovered the presence of termites in their home and entered into a contract with Terminex International ("Terminex") for a Termite Protection Plan designed to "treat the house for the eradication of the termite infestation." Appellant's Appendix at 154. Pursuant to this contract, Terminex prepared an inspection graph ("Terminex Inspection Graph") indicating the location where termites were discovered in Sellers' home. In 1994, Sellers discovered termite damage in their home and Terminex hired

a contractor to repair the termite damage. Subsequently, in 1997, Sellers discovered additional termite damage to the home and Terminex re-treated the home and repaired the damage.

On March 23, 1998, Buyers purchased Sellers' home. Prior to the sale, Sellers gave Buyers a Disclosure Form, which provided that Sellers' home did not have "any damage due to wind, flood, termites, or rodents." *Id.* at 232–233. In addition, the terms of the purchase agreement between Buyers and Sellers gave Buyers the right to have Sellers' home inspected for the structural condition of the home and for wood-destroying insect infestations. Buyers hired Central Indiana Home Inspections, Inc., ("Central Inspections") to inspect Sellers' home. Central Inspections inspected the home and found no evidence of any major structural defects and no evidence of wood-destroying insect infestation. In fact, Central Inspections found "no evidence of [the home] ever having any problem" with insect infestation. *Id.* at 47. At closing, Sellers gave Buyers a copy of the Termite Protection Plan and claimed that Sellers had maintained a termite treatment contract with Terminex because some of the homes in the neighborhood had suffered termite infestation and damage. Sellers then advised Buyers to renew the contract with Terminex as a precaution.

Sometime after the closing, Buyers discovered termite damage in the lower level bathroom, downstairs bedroom, laundry room, recreation room, and garage. Buyers filed an amended complaint against Sellers alleging breach of contract and fraud. In response to Buyers' complaint, Sellers filed a motion for summary judgment. On August 1, 2001, after conducting a hearing, the trial court denied Sellers' motion for summary judgment. Sellers then filed a motion to certify the order denying summary judgment for interlocutory appeal. On August 6, 2001, the trial court, *sua sponte*, reconsidered and reversed its earlier ruling and granted Sellers' motion for summary judgment. Buyers then filed a motion to correct error, which the trial court denied.

█ A trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion. *Mitchell v. State*, 726 N.E.2d 1228, 1238 (Ind.2000), *reh'g denied.* An abuse of discretion occurs when the trial court's action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom. *Dughaish ex rel. Dughaish v. Cobb*, 729 N.E.2d 159, 167 (Ind.Ct.App.2000), *reh'g denied, trans. denied.* To determine whether the trial court abused its discretion by denying Buyers' motion to correct error, we must decide whether the trial court erred when it granted Sellers' motion for summary judgment.

█ A trial court's grant of summary judgment is "clothed with a presumption of validity." *Rosi v. Business Furniture Corp.*, 615 N.E.2d 431, 434 (Ind.1993). On review of a trial court's decision to grant or deny summary judgment, we apply the same standard as the trial court: we must decide whether there is a genuine issue of material fact that precludes summary judgment and whether the moving party is entitled to judgment as a matter of law. *Carie v. PSI Energy, Inc.*, 715 N.E.2d 853, 855 (Ind.1999). Once the moving party has sustained its initial burden of proving the absence of a genuine issue of material fact and the appropriateness of judgment as a matter of law, the party opposing summary judgment must respond by designating specific facts establishing a genuine issue for trial. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992).

In the summary judgment context, we may consider only those portions of the pleadings, depositions, and any other matters specifically designated to the trial court by the parties for purposes of the motion for summary judgment. Ind. Trial Rule 56(C), (H). Any doubt as to the existence of an issue of material fact, or an inference to be drawn from the facts, must be resolved in favor of the nonmoving party. *Cowe v. Forum Group, Inc.*, 575 N.E.2d 630, 633 (Ind.1991). Although the nonmovant has the burden of demonstrating that the grant of summary judgment was erroneous, we carefully assess the trial court's decision to ensure that the nonmovant was not improperly denied his day in court. *Colonial Penn Ins. Co. v. Guzorek*, 690 N.E.2d 664, 667 (Ind.1997).

### I.

The first issue is whether the trial court erred when deciding whether to grant Sellers' motion for summary judgment because the trial court failed to consider the Terminex Inspection Graph, which Buyers had attached to their amended complaint and designated as evidence in response to Sellers' motion for summary judgment. Buyers argue that the trial court erred by excluding the Terminex Inspection Graph because Buyers had attached it to their amended complaint pursuant to Ind. Trial Rule 9.2(A) and (B) and, thus, the Terminex Inspection Graph's certification or authentication was presumed.

Ind. Trial Rule 9.2(A) provides, in pertinent part, that: "When any pleading allowed by these rules is founded on a written instrument, the original, or a copy thereof, must be included in or filed with the pleading. Such instrument, whether copied in the pleadings or not, shall be taken as part of the record." Moreover, Ind. Trial Rule 9.2(B) provides:

When a pleading is founded on a written instrument and the instrument or a copy thereof is included in or filed with the pleading, execution of such instrument, indorsement, or assignment shall be deemed to be established and the instrument, if otherwise admissible, shall be deemed admitted into evidence in the action without proving its execution unless execution be denied under oath in the responsive pleading or by an affidavit filed therewith.

Accordingly, under Ind. Trial Rule 9.2(B), when a pleading is based upon a written instrument filed with the pleading, execution of that instrument is "deemed to be established" without proof, unless execution is denied under oath in the responsive pleading or "affidavit filed therewith." *Id.; see also Miller v. NBD Bank, N.A.*, 701 N.E.2d 282, 285 (Ind.Ct.App.1998). However, before Ind. Trial Rule 9.2(A) and (B) are implicated such that the original or a copy of a written instrument must be filed with the complaint, it is necessary that the pleading be founded upon the written instrument. *Burger Man, Inc. v. Jordan Paper Prod., Inc.*, 170 Ind.App. 295, 301, 352 N.E.2d 821, 826 (1976).

Here, Buyers' complaint against Sellers is premised upon two separate causes of action. The first cause of action alleges that Sellers breached the purchase agreement between Buyers and Sellers by falsely completing the Disclosure Form. The second cause of action alleges that Sellers fraudulently induced Buyers to purchase the home by falsely completing the Disclosure Form. Consequently, the substance of Buyers' complaint against Sellers was based upon the truth or falsity of the information contained in the Disclosure Form. As such, the only instruments that Buyers' complaint is arguably founded upon are the real estate sales contract and the Disclosure Form.

The Buyers' action against Sellers is not appropriately characterized as an action based upon the Terminex Inspection Graph. *See, e.g., INB Nat'l Bank v. Moran Elec. Serv., Inc.*, 608 N.E.2d 702, 706 (Ind.Ct.App.1993), *trans. denied.* Rather, Buyers' use of the Terminex Inspection Graph is solely for the evidentiary purpose of proving that Sellers knew of unrepaired termite damage to the home and failed to disclose that information to Buyers in the Disclosure Form. The Record thus leads us to the inescapable conclusion that the Terminex Inspection Graph was not the foundation of Buyers' complaint, but rather was merely evidence that Sellers knew of existing termite damage to the home. *See, e.g., Burger Man,* 170 Ind.App. at 301, 352 N.E.2d at 826. As such, Ind. Trial Rule 9.2(A) and (B) do not apply to the Terminex Inspection Graph.

Because Buyers' complaint was not founded upon the Terminex Inspection Graph, the Graph is not part of the pleading as contemplated by Ind. Trial Rule 56(C). Buyers cannot circumvent the directive of Ind. Trial Rule 56(E) that, for purposes of summary judgment, the trial court only consider sworn, certified, or self-authenticated evidence by attaching an uncertified evidentiary document to their pleading, under the guise of Ind. Trial Rule 9.2, thus, shifting the burden to Sellers to oppose the certification or authentication of the document. The trial court properly excluded the Terminex Inspection Graph from its summary judgment analysis because the Graph was not certified or authenticated. *See, e.g., id.*

## II.

The second issue is whether the trial court erred by granting Sellers' motion for summary judgment because Buyers were allegedly entitled to rely upon Sellers' Disclosure Form. Ind.Code § 24–4.6–2 re-quires the owner of certain residential dwellings to complete and submit a disclosure form to a prospective buyer before an offer is accepted for the sale of the real estate. Ind.Code §§ 24–4.6–2–1, –10. Moreover, Ind.Code § 24–4.6–2–7 provides, in pertinent part, that:

> The Indiana real estate commission established by [Ind.Code § ] 25–34.1–2–1 shall adopt a specific disclosure form that contains the following:
>
> (1) Disclosure by the owner of the known condition of the following areas:
>
>    (A) The foundation.
>
>    (B) The mechanical systems.
>
>    (C) The roof.
>
>    (D) The structure.
>
>    (E) The water and sewer systems.
>
>    (F) Other areas that the Indiana real estate commission determines are appropriate.
>
> (2) A notice to the prospective buyer that contains substantially the following language:
>
>    "The prospective buyer and the owner may wish to obtain professional advice or inspections of the property and provide for appropriate provisions in a contract between them concerning any advice, inspections, defects, or warranties obtained on the property.".
>
> (3) A notice to the prospective buyer that contains substantially the following language:
>
>    "The representations in this form are the representations of the owner and are not the representations of the agent, if any. This information is for disclosure only and is not intended to be a part of any contract between the buyer and owner." . . . .

Pursuant to Ind.Code § 24–4.6–2–7, the Indiana Real Estate Commission prescribed a specific form for owners of resi-

dential real estate to complete and submit to buyers. Ind. Admin. Code 1–4–2. However, Ind.Code § 24–4.6–2–11 places limits on the owner's responsibility for errors and omissions in the disclosure form. Ind.Code § 24–4.6–2–11 provides that:

> The owner is not liable for any error, inaccuracy, or omission of any information required to be delivered to the prospective buyer under this chapter if:
>
> (1) the error, inaccuracy, or omission was not within the actual knowledge of the owner or was based on information provided by a public agency or by another person with a professional license or special knowledge who provided a written or oral report or opinion that the owner reasonably believed to be correct; and
>
> (2) the owner was not negligent in obtaining information from a third party and transmitting the information.

Sellers filed for summary judgment under this section, claiming that they had no actual knowledge of termite damage in their house and that they relied upon a professional's indication that no damage exited. Buyers, however, claim that Sellers did have actual knowledge of existing termite damage when they completed the Disclosure Form.

■ When we reviewed the Record, we discovered no designated evidence that reveals that Sellers had actual knowledge of any existing termite damage to the home at the time they completed the Disclosure Form and sold the home to Buyers. There is evidence that Sellers discovered the presence of termites in their home in 1990 and, as a result, entered into a contract with Terminex to "treat the house for the eradication of the termite infestation." Appellant's Appendix at 154. Then, in 1994, Sellers discovered termite damage in their home and Terminex hired a contractor to repair the damage. Subsequently, in 1997, Sellers discovered more termite damage and Terminex retreated the home and repaired the damage. Sellers instructed the contractor for Terminex to repair any termite damage that he found. When the 1997 termite damage repairs were completed, the contractor orally assured Sellers that all known termite damage had been repaired. Sellers reasonably relied upon the contractor's assurances that all damage had been repaired when they completed and signed the Disclosure Form. Buyers have failed to designate any admissible evidence to the contrary. Because Buyers failed to designate evidence demonstrating that Sellers had actual knowledge of termite damage, Ind.Code § 24–4.6–2–11 excuses Sellers from any liability based upon their answers on the Disclosure Form. *See* I.C. § 24–4.6–2–11.

■ In addition, the designated evidence reveals that, prior to purchasing the home, Buyers hired Central Inspections to inspect the home for its structural condition and for wood-destroying insect infestations. Central Inspections inspected the home and found no evidence of any major structural defects and no evidence of wood-destroying insect infestation. In fact, the inspector found "no evidence of [the home] ever having any problem" with insect infestation. Appellant's Appendix at 47. It is well settled that "[a] purchaser of property has no right to rely upon the representations of the vendor of the property as to its quality, where he has a reasonable opportunity of examining the property and judging for himself as to its qualities." *Pennycuff v. Fetter*, 409 N.E.2d 1179, 1180 (Ind.Ct.App.1980). Here, Buyers clearly had a reasonable opportunity to examine the home, and indeed did so with the aid of Central Inspections, before purchasing it. In addition, Ind. Code § 24–4.6–2–9 provides that "[a] disclosure form is not a warranty by the

owner or the owner's agent, if any, and the disclosure form may not be used as a substitute for any inspections or warranties that the prospective buyer or owner may later obtain." Consequently, the trial court did not err by granting Sellers' motion for summary judgment on this issue. *See, e.g., Parks v. A.P. Green Indus., Inc.,* 754 N.E.2d 1052, 1061 (Ind.Ct.App.2001), *reh'g denied.* Because the trial court did not err by granting Sellers' motion for summary judgment, it did not abuse its discretion when it denied Buyers' motion to correct error. *See, e.g., Reese v. Reese,* 671 N.E.2d 187, 194 n. 7 (Ind.Ct.App.1996), *trans. denied.*

For the foregoing reasons, we affirm the trial court's grant of Sellers' motion for summary judgment and its denial of Buyers' motion to correct error.

Affirmed.

FRIEDLANDER, J., and BROOK, C.J., concur.