Andrew **VERRALL** and Susan Verrall,
Appellants–Defendants,

v.

Eric **MACHURA** and Tina Gernenz,
Appellees–Plaintiffs.

No. 45A03–0309–CV–359.

Court of Appeals of Indiana.

June 30, 2004.

---

Paul B. Poracky, Eric J. Anderson, Spangler Jennings & Dougherty, P.C., Merrillville, IN, Attorneys for Appellants.

Robert E. Stochel, Hoffman & Stochel, Crown Point, IN, Attorney for Appellees.

## OPINION

FRIEDLANDER, Judge.

Andrew and Susan Verrall appeal the trial court's denial of their motion for summary judgment as to Eric Machura's fraud claims arising from the sale of a home. Several issues are raised on review that we consolidate as: Did the trial court err in denying the Verralls's Motion for Summary Judgment?

We affirm in part and reverse in part.

In 2001, the Verralls (Sellers) determined to sell their home located at 925 S. East Street in Crown Point, Indiana (the Residence). Sellers had lived in the Residence since 1997 after purchasing it from Paul and Constance Myres. Before selling the Residence, the Myreses provided Sellers with a completed and signed Residential Real Estate Sales Disclosure form (Disclosure Form). In the Disclosure Form, the Myreses disclosed seepage in one corner of the basement during heavy rain. When Sellers took possession, however, they discovered substantial water leakage throughout the basement and thereafter initiated litigation against the Myreses for misrepresentation. The litigation ultimately concluded through mediation.

During Sellers' occupation of the Residence, the amount and severity of water seepage subsided and Sellers believed that a neighbor's rerouting of a sump pump discharge line away from the property had effected the change. Sellers determined no repairs were necessary and later spent a significant sum to remodel the basement. The Residence also contained a basement gas fireplace. In the fall or winter of 2000, Sellers had the fireplace tested by Pilot–Lite, Inc. (Pilot–Lite), a professional heating contractor. Pilot–Lite provided Sellers a written report indicating it had lit the pilot light and the fireplace was operating normally.

When Sellers decided to sell the Residence, they contacted Jay Maden, a local real estate agent, who entered into a listing contract with them. Machura (Buyer),

through his real estate agent, Brenda Versnell, toured the Residence.[1] Buyer walked through and inspected the Residence on at least two occasions and ultimately submitted an offer. Buyer was provided a copy of the Disclosure Form filled out and signed by the Sellers. In response to the disclosure question, "[a]re there moisture and/or water problems in the basement or crawl space area," *Appellants' Appendix* at 22, Sellers indicated an affirmative response and provided an additional narrative answer: "During heavy rainfall, possible light seepage in SE/SW corner of basement." *Id.*[2] The Disclosure Form also noted that the fireplace was "Not Defective." *Id.* Buyer originally agreed to purchase the Residence contingent upon his obtaining a satisfactory home inspection report, but later expressly waived this right in writing and accepted the property as is. Before closing on the home, Buyer inquired further about the water seepage issue and Sellers provided waterproofing quotes which were made available to prospective buyers. Sellers did not provide information about the previous water damage that occurred when they purchased the Residence from the Myreses or the ensuing lawsuit.

Within forty-five days of Buyer taking possession of the Residence, the basement had flooded on two occasions. In the course of repairing the water damage in the basement, a pegboard wall covering was removed wherein Buyer discovered a crack in the west wall of the basement. Additionally, when Buyer attempted to use the gas fireplace in the basement it would not operate because of a gas leak. Buyer also believed that a battery-powered back-up sump pump, which Buyer had seen when he toured the home, had been improperly removed from the Residence by Sellers. Buyer contacted Sellers requesting reimbursement for these items, Sellers refused, and on April 29, 2002, Buyer filled a complaint against Sellers alleging four material misrepresentations regarding the condition of the Residence: (1) the nature and extent of alleged water intrusion in the basement; (2) the existence and extent of alleged structural damage to the basement wall; (3) the defective condition of the basement fireplace; and (4) the improper removal of a battery-powered back-up sump pump.

Sellers filed their Answer and Affirmative Defenses on June 13, 2002, and moved for summary judgment on December 30, 2002, asserting that as a matter of law under Ind.Code Ann. § 32–21–5–1 et seq. (West, PREMISE through 2003 1st Regular Sess.), Buyer could not recover on a fraud claim based on misrepresentations in Sellers' Disclosure Form or from Sellers' statements. Sellers designated as evidence their affidavits, portions of Buyer's deposition detailing, inter alia, his knowledge of disclosed water seepage, Pilot–Lite's documentation, the Purchase Agreement for the Residence, the Sellers' Disclosure Form, the Personal Property Agreement, and all previously filed pleadings. Buyer filed an opposition to Sellers' Motion, claiming that the extent of Sellers' knowledge regarding water seepage in the Residence created a question of fact. Buyer also alleged the fact-finder must

---

1. Tina Gernenz, Buyer's live-in companion, also toured the home but was not a party or signatory to the transaction. Gernenz was a co-plaintiff in the underlying litigation and asserted the same allegations as Buyer, however, the trial court granted Sellers' Motion for Summary Judgment with respect to Gernenz and that decision has not been appealed.

2. The disclosure form completed by the Myreses and provided to Sellers also indicated: "Slight seepage SW/NW corner of basement (runs to drain) during heavy rainfall." *Appellants' Appendix* at 63.

determine whether Buyer had a reasonable opportunity to inspect the home for the alleged structural defect. Buyer finally claimed there was an issue of fact regarding Sellers' knowledge that the fireplace was defective. Buyer designated as evidence his affidavit, that of his live-in girlfriend, and all materials designated by Sellers.

In their Reply Brief, Sellers countered that as a matter of law Buyer could not rely on representations in the Disclosure Form, and that Buyer had not designated any evidence to show that Sellers' knowledge, or lack thereof, regarding water seepage or a structural defect was untrue. Sellers also asserted that Buyer's claims regarding the fireplace failed as a matter of law based on the liability limitation in I.C. § 32–21–5–11. Finally, Sellers asserted that Buyer failed to explain how removal of a sump pump could justify a claim for fraudulent representation.

A hearing was held on May 13, 2003. On June 20, 2003, the trial court denied Sellers' Motion for Summary Judgment as against Buyer (Sellers' Motion). On July 16, 2003, Sellers filed a Petition for Certification of Appeal of Interlocutory Order. On August 15, 2003, the trial court granted the petition and certified for appeal its June 20 order. On October 10, 2003, this court accepted jurisdiction of the interlocutory appeal.

■ On appeal, Sellers contend that the trial court improperly denied their motion for summary judgment because: (1) the decision was contrary to Indiana law as Buyer's claims were based on the Disclosure Form; (2) Buyer failed to designate any evidence to refute Sellers' lack of knowledge as to an alleged structural defect in the basement; (3) Buyer had designated no evidence to refute that Sellers relied on Pilot–Lite's representation when indicating their basement fireplace was not defective.

■ In reviewing an appeal from the denial of a motion for summary judgment, we apply the same standard applicable in the trial court. *State v. Snyder,* 732 N.E.2d 1240 (Ind.Ct.App.2000). Summary judgment is appropriate only if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). On appeal, we construe all facts and reasonable inferences to be drawn from those facts in favor of the non-moving party. *Barnard v. Saturn Corp.,* 790 N.E.2d 1023 (Ind.Ct.App.2003). We do not reweigh the evidence, but liberally construe all designated evidentiary material in the light most favorable to the nonmoving party to determine whether there is a genuine issue of material fact for trial. *Id.*

> To be considered genuine for summary judgment purposes, a material issue of fact must be established by sufficient evidence in support of the claimed factual dispute to require a jury or judge to resolve the parties' differing versions of the truth at trial.

*Id.* at 1028. Moreover, to establish a cause of action for fraudulent misrepresentation Buyer must demonstrate: (1) Sellers made false statements of past or existing material facts; (2) Sellers made such statements knowing them to be false or made them recklessly without knowledge as to their truth or falsity; (3) Sellers made the statements to induce Buyer to act upon them; (4) Buyer justifiably relied and acted upon the statements; and, (5) Buyer suffered injury. *See Adoptive Parents of M.L.V. v. Wilkens,* 598 N.E.2d 1054 (Ind.1992).

■ Buyer's fraudulent misrepresentation allegations regarding flooding in the basement are based upon the Disclosure Form. Indiana law requires a seller to provide a potential buyer with a disclosure form before an offer is accepted for the

sale of residential real estate.[3] *See* I.C. § 32–21–5–1; *see also* Ind. Admin. Code tit. 876, r. 1–1–43. The disclosure form must include the owner's disclosure of the known condition of, inter alia, the residence's foundation, roof, and water and sewage systems. I.C. § 32–21–5–7(3). Moreover, I.C. § 32–21–5–9 specifically distinguishes a disclosure form from a warranty, and contains a provision specifically limiting a seller's liability for errors in a disclosure form:

> The owner is not liable for any error, inaccuracy, or omission of any information required to be delivered to the prospective buyer under this chapter if:
>
> (1) the error, inaccuracy or omission was not within the actual knowledge of the owner or it was based on information provided by a public agency or by another person with a professional license or special knowledge who provided a written or oral report or opinion that the owner reasonably believed to be correct; and
>
> (2) the owner was not negligent in obtaining information from a third party and transmitting the information.

I.C. § 32–21–5–11. The Disclosure Form at issue also stated: "The knowledge contained in this Disclosure has been furnished by the Seller, who certifies the truth thereof, based on the Seller's CURRENT ACTUAL KNOWLEDGE." *Appellants' Appendix* at 22 (emphasis in original).

In asserting that summary judgment was improperly denied on the issue of water seepage in the basement, Sellers focus on the fact that the Disclosure Form is not a warranty and cannot be the basis for a fraud claim. In so arguing, Sellers rely heavily on *Kashman v. Haas*, 766

N.E.2d 417 (Ind.Ct.App.2002), the only case our research, and that of the parties, has uncovered dealing with the extent of liability a seller of residential property may face in connection with a disclosure form. In *Kashman*, sellers had discovered and repaired termite damage in their home in 1994 and 1997. After the 1997 repairs, the contractor performing the work orally assured sellers that all known termite damage had been repaired. In 1998, when sellers were attempting to sell their home, they provided buyers a disclosure form indicating that their home had no damage from wind, flood, termites, or rodents. Buyers hired an independent home inspector who found no termite damage, however, after the sale was completed, buyers discovered termite damage in the home and filed suit against sellers asserting breach of contract and fraud. Sellers unsuccessfully moved for summary judgment and consequently filed a motion to certify the order for interlocutory appeal. The trial court, sua sponte, reconsidered and reversed its earlier ruling and granted sellers' summary judgment motion. Buyer filed an unsuccessful motion to correct errors and then appealed. On appeal, this court upheld the decision of the trial court granting summary judgment for sellers. The court determined that sellers "reasonably relied upon the contractor's assurances that all damage had been repaired when they completed and signed the Disclosure Form," *id.* at 422, and buyers had designated no evidence to the contrary. Therefore, "Ind. Code. § [32–21–5–11] excuses Sellers from any liability based upon their answers on the Disclosure Form." *Id.* at 422; *see also* I.C. § 32–21–5–11 ("[t]he owner is not liable ... if: (1) the error ... was based on

---

**3.** In 2003, the legislature recodified the sections of the Indiana code pertaining to residential real estate disclosure forms. *Compare* I.C. § 24–4.6–2–1, et seq. *with* I.C. § 32–21– 5–1, et seq. Clarifying phrases were added to the statutes, but the substantive provisions remained the same. Our opinion references the current statutory designation.

information provided by a public agency or by another person with a professional license or special knowledge who provided a written or oral report or opinion that the owner reasonably believed to be correct".).

Here, unlike *Kashman*, Sellers' did not rely on a contractor's assurances in completing the Disclosure Form with regard to water seepage in the basement. Thus, *Kashman* is distinguishable. Moreover, more important than how much insulation is granted to representations in a disclosure form is the question of the extent of Sellers' actual knowledge at the time they completed and signed the form. In order to prevail on summary judgment, Sellers were required to show that there was no material question of fact regarding their knowledge of the extent of water leakage at the time the Disclosure Form was completed. We are unable to say that the evidence designated by Sellers provides this definitive showing, especially in light of the past undisclosed water leakage in the home leading to a lawsuit against the Myreses and the extensive remodeling Sellers undertook after the water seepage allegedly subsided. A fact-finder is required to resolve the parties' differing versions of the truth at trial and summary judgment was properly denied on the issue of water seepage.

Similarly, an issue of fact exists regarding the structural defect in the west wall of the basement. While Sellers assert they had no cause to remove the pegboard from the wall and discover the defect, the question again is one of actual knowledge of the defect. At this point in the litigation, Buyer certainly faces an uphill battle in disputing Sellers' assertion that they had no actual knowledge of the alleged structural damage, but the water damage the Sellers experienced upon purchasing the house from the Myreses and the extensive remodeling they undertook raises a question of fact regarding their knowledge. As

such, summary judgment was properly denied.

■ Despite finding that summary judgment was properly denied on the water seepage and structural defect issues, we find summary judgment was improperly denied on the fraudulent misrepresentation claims involving the basement fireplace and the sump pump. Regarding the basement fireplace, Sellers designated as evidence the written report of Pilot–Lite, a professional heating company, which stated: "Lit pilot and checked operation of lower level fireplace. Checked upper fireplace operation. Both units are operating normally." *Appellants' Appendix* at 66. I.C. § 32–21–5–11 provides that Sellers are not liable for any error or inaccuracy in a disclosure form based on information provided by a person with a professional license who provided a written opinion that the owners reasonably believed to be correct. *See also Kashman v. Haas,* 766 N.E.2d 417. Sellers asserted they relied on Pilot–Lite's written report in indicating on the Disclosure Form that the basement fireplace was not defective. Buyer designated no evidence to refute this claim. Summary judgment was improperly denied for Sellers on Buyer's claim of fraudulent misrepresentation regarding the basement fireplace.

Moreover, we agree with Sellers that it "remains unclear exactly how, in the context of these facts, the removal of a used 'ace in the hole' sump pump can be considered fraudulent." *Appellants' Brief* at 6. The parties do not dispute that a back-up sump pump was removed from the Residence, but Buyer claims the sump pump was part of the purchase price paid for the Residence and should have remained with the Residence. Buyer, however, never explains how this claim gives rise to an issue of fraudulent misrepresentation. Indeed, Buyer presents no evidence of any state-

ment made to him regarding the sump pump, let alone a misrepresentation of fact, an essential element of a fraudulent misrepresentation claim. *See Adoptive Parents of M.L.V. v. Wilkens,* 598 N.E.2d 1054. Summary judgment was improperly denied on this issue.

Based on the foregoing, the trial court properly denied summary judgment on the issues of water seepage and the structural defect, but erred in denying summary judgment based on the basement fireplace and the back-up sump pump.

Judgment affirmed in part and reversed in part.

KIRSCH, C.J., and BARNES, J., concur.