## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 18 2016, 8:34 am

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEYS FOR APPELLANT

Andrea L. Ciobanu
Alex Beeman
Ciobanu Law, P.C.
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Stephen R. Lewis
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Angela K. Scanlon,<br>*Appellant-Respondent,*<br><br>v.<br><br>Stephen L. Scanlon,<br>*Appellee-Petitioner.* | February 18, 2016<br><br>Court of Appeals Case No.<br>49A02-1507-DR-731<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Cynthia J. Ayers, Judge;<br>Mark F. Renner, Commissioner<br><br>Trial Court Cause No.<br>49D04-0302-DR-240 |

**May, Judge.**

[1] Angela K. Scanlon (Angela) appeals the trial court's denial of her motion to correct errors. As we find no abuse of discretion in the trial court's denial, we affirm.

## Facts and Procedural History

[2] Angela and Stephen L. Scanlon (Stephen) were divorced in 2003. Angela received physical custody of both minor children. Thereafter, Angela and the older child began having disagreements, so Angela and Stephen agreed that child should reside with Stephen, while Angela would retain physical custody of the younger child. However, they were unable to come to an agreement regarding the financial implications of that change of custody.

[3] On February 10, 2015, the court held a hearing regarding custody and child support, at which Angela represented herself. Stephen offered a child support worksheet for each child that represented his self-employed income was $1,530.00 per week. Angela challenged the worksheets on the bases that she believed the health insurance rate was incorrect and that the income information for Stephen was based on his 2013 taxes. The court clarified for her that she would have a chance to testify as to those matters; however, Angela did not offer any such testimony. Stephen's income was supported by his financial declaration and his testimony in which Stephen stated his 2014 income was "roughly the same" as his 2013 income. (Tr. at 23.) Angela did not introduce an alternate child support worksheet and she testified she could not provide the correct health insurance rate because she "misplaced the

document with the insurance." (*Id*. at 19.) Angela did not produce any other documentary evidence at the hearing.

[4] On February 17, 2015, the court entered Findings and Order on Petition to Modify Child Custody and Child Support. The court found Stephen's weekly income to be $1,530 and Angela's to be $549.00. The court ordered Stephen's child support obligation for the younger child to be $171.00 per week and Angela's child support obligation for the older child to be $53.00 per week. The result is a net child support order for Stephen to pay $118.00 per week. However, because he had been paying $280.00 per week for both children during the pendency of the modification proceedings, he had accrued a credit and the court ordered that to be repaid to him over the next 135 weeks by his payment of child support in the amount of $90.00 per week.

[5] On March 19, 2015, Angela, represented by counsel, filed a verified motion to correct errors. The court conducted a hearing. Finding no newly discovered evidence that would justify recalculating support, the court denied Angela's motion as it pertains to the child support.

## Discussion and Decision

[6] Angela asserts the trial court abused its discretion in denying her motion to correct errors because it used an erroneous value for Stephen's weekly gross income. "A trial court has wide discretion to correct errors, and we will reverse only for an abuse of that discretion." *Kashman v. Haas*, 766 N.E.2d 417, 419 (Ind. Ct. App. 2002). "An abuse of discretion occurs when the trial court's

action is against the logic and effect of the facts and circumstances before it and the inferences that may be drawn therefrom." *Id*.

[7] "The determination of the amount of child support is committed to the trial court's discretion and will not be overturned unless it is clearly erroneous." *Skinner v. Skinner*, 644 N.E.2d 141, 146 (Ind. Ct. App. 1994). "A child support order is clearly erroneous if it is clearly against the logic and effect of the facts and circumstances that were before the trial court." *Id.*

[8] Angela argues the trial court erred by not requiring Stephen's income be based on a calculation of "gross receipts minus ordinary and necessary expenses." (Appellant's Br. at 12 citing Child Supp. G. 3(A)(2).) However, Angela did not raise this argument at the final hearing, and thus she may not now raise it on appeal. *See Lazzell v. Indiana Family & Soc. Servs. Admin.*, 775 N.E.2d 1113, 1119 (Ind. Ct. App. 20002) (party may not raise argument on appeal that was not raised at trial). At the hearing to determine child support, Angela did not present any evidence contrary to Stephen's testimony and financial declaration. Those pieces of evidence were consistent with one another and with the income assigned to Stephen by the trial court. As the court's finding was supported by the evidence, Angela has not demonstrated the court made an error that should have been corrected. *See, e.g., Ratliff v. Ratliff*, 804 N.E.2d 237, 246 (Ind. Ct. App. 2004) (affirming court's finding of income where income supported by evidence in the record).

[9] At the hearing on the motion to correct error, Angela attempted to introduce into evidence alternate child support worksheets and copies of Stephen's 2013 taxes. A motion to correct error can be used to address "[n]ewly discovered material evidence . . . capable of production within thirty (30) days of final judgment which, with reasonable diligence, could not have been discovered and produced at trial." Ind. Trial Rule 59(A)(1). However, these exhibits all could have been produced at the February 10, 2015, hearing. Therefore, we cannot say the court abused its discretion by refusing to reconsider its order on the basis of new evidence. *See Hawkins v. Cannon*, 826 N.E.2d 658, 664 (Ind. Ct. App. 2005) (no error in denial of motion to correct error when evidence could have been discovered and produced at trial with due diligence), *trans. denied.*

## Conclusion

[10] As Angela has not demonstrated the court abused its discretion in denying her motion to correct error, we affirm.

[11] Affirmed.

Najam, J., and Riley, J., concur.